```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA

                    CASE NO. 09-61757-CIV-ZLOCH
```

JIM LONG and ERIC PISANO,

      Plaintiffs,

                        **DEFAULT FINAL JUDGMENT RE:**
vs.                               **LIABILITY ONLY**

KAYE ENTERPRISES, LLC., ESSIE
DUPREE, and JARED VILLALOBOS,

      Defendants.
_____/

      THIS MATTER is before the Court upon Plaintiffs Jim Long and Eric Pisano's Motion For Entry Of Default Final Judgment (DE 12). The Court has carefully reviewed said Motion, the entire court file and is otherwise fully advised in the premises.

      On November 11, 2009, Defendants Kaye Enterprises, LLC, Essie Dupree, and Jared Villalobos were served with a copy of the Summons and Complaint filed herein. <u>See</u> DE Nos. 8-6. By prior Order (DE 11), the Court entered Default against Defendants Kaye Enterprises, LLC., Essie Dupree and Jared Villalobos. Plaintiffs Jim Long and Eric Pisano now move for Default Final Judgment against them.

      The well-pleaded allegations made in Plaintiffs' Complaint (DE 1) are deemed admitted by Defendants Kaye Enterprises, LLC., Essie Dupree and Jared Villalobos by virtue of the Default entered against them. <u>Cotton v. Mass. Mut. Life Ins. Co.</u>, 402 F.3d 1267, 1277-78 (11th Cir. 2005) (citations omitted). Thus, the following

facts are admitted: Defendants are covered by the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. (hereinafter "FLSA"), they employed Plaintiffs, and willfully failed to comply with the FLSA for one or more work weeks by failing to pay either a minimum wage, overtime, or both.  There are no allegations as to damages contained in the Complaint.

By the instant Motion (DE 12), Plaintiff Jim Long seeks to recover unpaid wages at $15.00 per hour for fifty-five (55) hours worked, for a total recovery of $825.00, and Plaintiff Eric Pisano seeks to recover unpaid wages at $625.00 per week for seven (7) weeks worked, for a total recovery of $4,375.00.  Both Plaintiffs seek an equal total amount in liquidated damages.  However, Plaintiffs' Motion is wholly deficient as to support for these hours, hourly rates, and the legal basis for recovery of both actual damages and liquidated damages in an amount more than the minimum wage.  See DE 12.  Indeed, the only Affidavit relating to the instant Motion is one by Plaintiffs' attorney to support a claim for attorney's fees.  See DE 13.

In their Complaint, Plaintiffs cite Florida Statute § 448 as the legal basis for their state law claims.  See DE 1, ¶¶ 17, 23.  They also rely on § 448.08, a provision providing for the recovery of attorney's fees and costs to the "prevailing party in an action for unpaid wages."  Fla. Stat. § 448.08.  While § 448.08 may permit

2

recovery of attorney's fees and costs, it does not, itself, create an independent cause of action for unpaid wages. And Plaintiff has not identified such a cause of action anywhere else in Florida's statute. See Fla. Stat. § 448. In order to recover fees and costs under § 448.08, an action for unpaid wages must be "brought pursuant to some other law." Edwards v. Niles Sales & Serv., Inc. 439 F. Supp. 2d 1202, 1208, n.6 (S.D. Fla. 2006). However, Plaintiffs have not alleged in their Complaint any relevant common law claim nor have they pled a violation of any statute other than § 448 that actually creates a cause of action for unpaid wages in the State of Florida.

Further, the Court notes that the recovery allowed under the FLSA is clearly set forth in 29 U.S.C. § 206(a)(1). Plaintiffs have not cited to the Court, nor has the Court found, any statute or case that would entitle them to recover more than unpaid minimum wage, in either actual damages or liquidated damages, under the federal statute.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. The Court has jurisdiction over the Parties hereto and the subject matter herein;

2. Plaintiffs Jim Long and Eric Pisano's Motion For Final Judgment (DE 12) be and the same is hereby **GRANTED** as to liability

only;

    3. Pursuant to Federal Rules of Civil Procedure 55 and 58, Default Final Judgment Re: Liability be and the same is hereby **ENTERED** in favor of Plaintiffs Jim Long and Eric Pisano and against Defendants Kaye Enterprises, LLC., Essie Dupree and Jared Villalobos;

    4. By <u>noon</u> on <u>Thursday, May 27, 2010</u>, Plaintiffs Jim Long and Eric Pisano shall file an appropriate Motion For Default Final Judgment as to damages against Defendants Kaye Enterprises, LLC., Essie Dupree and Jared Villalobos, which motion shall be supported by Exhibits and Affidavits and a proposed Default Final Judgment; and

    5. Any request for attorney's fees shall conform to the requirements of Local Rule 7.3.A of the Southern District of Florida.

    **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this \_\_\_24th\_\_\_ day of May, 2010.

                                                  WILLIAM J. ZLOCH
                                                United States District Judge

Copies furnished:

All Counsel of Record